10-1871-cr
United States v. Tillman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
               PIERRE N. LEVAL,
               ROBERT A. KATZMANN,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                          10-1871-cr

DONNA TILLMAN, also known as Donna Richards,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Beth M. Farber, New York, New York.

FOR APPELLEE:             Joseph P. Facciponti, Andrew L. Fish, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Donna Tillman was convicted, after a bench trial in the United States District Court for the Southern District of New York (Swain, J.), of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, and engaging in monetary transactions in property derived from specified unlawful activities, in violation of 18 U.S.C. §§ 1957(a) and 2. On appeal, Tillman argues the evidence presented at trial was insufficient as a matter of law to support a judgment of conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[A] defendant raising an appellate challenge to the sufficiency of the evidence supporting a conviction faces a heavy burden, because we must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." United States v. Gaskin, 364 F.3d 438, 459 (2d Cir. 2004) (internal quotation marks omitted). "When evaluating whether the government's evidence is sufficient to support a conviction, we review the separate pieces of evidence not in isolation but in conjunction . . . ." In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 115 (2d Cir. 2008) (internal quotation marks omitted). A defendant can prevail on a sufficiency challenge only if this Court concludes that "no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." Gaskin, 364 F.3d at 459-60. "We apply this same deferential standard when we review a verdict rendered by a judge after a bench trial." United States v. Mazza-Alaluf, 621 F.3d 205, 209 (2d Cir. 2010).

The evidence presented at trial is sufficient to support the judgment of conviction. The money laundering statute "reach[es] a person who knows that [s]he is dealing with the proceeds of some crime[,] even if [s]he does not know precisely which crime." United States v. Maher, 108 F.3d 1513, 1526 (2d Cir. 1997) (internal quotation marks omitted). Tillman's post-arrest statements support a finding that she knew the money at issue was obtained

2

fraudulently:  A federal agent testified that Tillman admitted that Toybe Bennett, a key player in the money laundering scheme, was involved in stealing cars or identities and was not legitimately employed.  The trial testimony of the cooperating witness further supports the conviction.  While Tillman maintains that these witnesses are unworthy of belief, the evaluation of the credibility of witnesses falls to the trier of fact; this argument does not present a basis for reversal of Tillman's judgment of conviction.  See United States v. Glenn, 312 F.3d 58, 64 (2d Cir. 2002).

Tillman allowed her coconspirators to make large deposits into her bank account, and into other accounts under her control; and, she made immediate withdrawals from her accounts after these deposits were made.  This behavior, done without question, at least supports the inference that Tillman consciously avoided learning the nature of the activity in which she was involved while being aware of a high probability that she was participating in an illegal scheme.  See United States v. Svoboda, 347 F.3d 471, 480 (2d Cir. 2003); United States v. Finkelstein, 229 F.3d 90, 95 (2d Cir. 2000).

Tillman's argument that there was insufficient evidence of her intent to conceal, as required for conviction under 18 U.S.C. § 1956(a)(1)(B)(i), is without merit.  Section 1956(a)(1)(B)(i) prohibits concealment of "the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."  By her own admission, Tillman believed that she was allowing money belonging to Bennett to be deposited in accounts under her control so that Bennett could avoid a restitution obligation, which is more than sufficient to establish her intent to conceal the ownership of the funds.

Having considered all of the arguments presented by Tillman on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3